ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| JULIESSA ANN SANTIAGO MORENO Y OTROS<br><br>Peticionarios<br><br>v.<br><br>BRENDALLY GONZÁLEZ RODRÍGUEZ<br><br>Recurrida | **KLCE202500091** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Salinas<br><br>Civil Núm.: SA2024CV00324<br><br>Sobre: Desahucio por Falta de Pago |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 6 de marzo de 2025.

Comparece ante este foro Juliessa Ann Santiago Moreno, Jennifer Marie Colón Moreno y Raúl Domingo Colón (en conjunto, "los peticionarios") y nos solicitan que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Salinas, notificada el 25 de noviembre de 2024. Mediante el referido dictamen, el foro primario autorizó una solicitud de intervención presentada por el Sr. John Olmo Torres (señor Olmo o "el recurrido"). A su vez, convirtió el procedimiento de desahucio sumario a uno ordinario.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el recurso de *certiorari*.

### I.

El 10 de octubre de 2024, los peticionarios presentaron una *Demanda de Desahucio* en contra de la Sra. Brendally González Rodríguez (señora González).[1] Alegaron que, eran los dueños de la propiedad localizada

---

[1] *Demanda de Desahucio*, anejo I, págs. 1-3 del apéndice del recurso.

Número Identificador
RES2025 _____

en el "doscientos treinta (230) de la Calle C en la Barriada Carmen, Carretera PR-3 Km. 158.4, Salinas, Puerto Rico, en la cual la [señora González] mantiene un negocio comercial llamado "Restaurant & Bar Saigón 223." Enfatizaron que, habían suscrito un contrato de arrendamiento con la señora González por la cantidad de $500.00 mensuales. No obstante, adujeron que ésta había incumplido con los pagos, adeudándoles $30,500.00. Por todo lo anterior, solicitaron fuera declarada con lugar la demanda, dictara sentencia ordenando el lanzamiento de la señora González y la condenara al pago de gastos, costas y honorarios de abogado.

El 19 de octubre de 2024, el señor Olmo presentó un *Escrito Anunciando Representación Legal y Solicitando Intervención Regla 21.1, Parte Indispensable y Sentencia Declaratoria*.[2] En esencia, sostuvo que es el propietario del inmueble y arrendador de la señora González.[3] Indicó que, el 29 de noviembre de 2016, suscribió un contrato de opción con la Sra. Santa Moreno Torres (señora Moreno), por el precio de venta de $95,000.00.[4] No obstante, ante el fallecimiento de la señora Moreno la otorgación de la escritura no fue perfeccionada. Añadió, que compareció al pleito en protección de sus bienes y propiedad. Reiteró que los peticionarios no son los dueños o titulares del inmueble, por lo que, no poseen legitimación para instar la acción. Así las cosas, solicitó que los peticionarios, como herederos de la señora Moreno, determinaran su aceptación o

---

[2] *Escrito Anunciando Representación Legal y Solicitando Intervención Regla 21.1, Parte Indispensable y Sentencia Declaratoria*, anejo II, págs. 4-8 del apéndice del recurso.
[3] *Contrato de Arrendamiento*, págs. 9-12 del apéndice del recurso.
[4] *Contrato Opción de Compraventa*, págs. 13-14 del apéndice del recurso.

repudiación de la herencia. A su vez, se decretara la obligación a suscribir las escrituras de compraventa de la propiedad.

El 12 de noviembre de 2024, los peticionarios presentaron una *Moción en Torno a Orden*.[5] Mediante la cual, esbozaron que no procedía la intervención del señor Olmo, puesto que la opción de compra había caducado, en consecuencia, no era el titular ni propietario del local comercial en controversia.

Evaluadas las mociones de las partes, el 25 de noviembre de 2024, el foro primario notificó la *Resolución* recurrida.[6] Mediante la cual, declaró *Ha Lugar* la solicitud de intervención presentada por el señor Olmo, además de convertir el procedimiento de desahucio a uno ordinario. Concluyó que, en la eventualidad de que declarara "con lugar" la demanda de desahucio, los derechos del interventor se verían afectados, en caso de tener derecho sobre la propiedad.

En desacuerdo, el 9 de diciembre de 2024, los peticionarios presentaron una *Moción de Reconsideración*.[7] En síntesis, sostuvieron que el recurrido debió otorgar la escritura de compraventa en o antes del día 31 de enero de 2017. Por lo que, la opción de compra caducó y su intervención en la demanda era improcedente.

El 23 de enero de 2025, el señor Olmo presentó un *Escrito en Oposición a Reconsideración*.[8] En este, incluyó una declaración jurada de la Lcda. Naida Galarza

---

[5] *Moción en Torno a Orden*, anejo III, págs. 17-20 del apéndice del recurso.
[6] *Resolución*, anejo IV, págs. 21-28 del apéndice del recurso.
[7] *Moción de Reconsideración*, anejo V, págs. 29-34 del apéndice del recurso.
[8] *Escrito en Oposición a Reconsideración*, anejo VI, págs. 37-44 del apéndice del recurso.

Colón, quien fungió como Notaria Pública en las negociaciones entre él y la señora Moreno. En esencia, acentuó que los peticionarios tenían conocimiento de la venta del inmueble, su consumación y pago y, aun así, promovieron la acción del caso. Añadió que, su derecho de intervención va dirigido al interés sobre la propiedad y cómo se vería afectado con la disposición final del caso. Por ello, sostuvo que tenía un derecho a comparecer en el pleito, y que se mantuviera la conversión del pleito ordinario de forma que el foro *a quo* pudiera evaluar la prueba y los hechos.

Luego de examinar los argumentos presentados por las partes, el 24 de enero de 2025, el foro recurrido notificó una *Resolución Interlocutoria*, mediante la cual declaró *No Ha Lugar* la *Moción de Reconsideración* y mantuvo el caso mediante procedimiento ordinario de desahucio.[9]

Aun inconformes, el 31 de enero de 2025, los peticionarios presentaron el *certiorari* de epígrafe, mediante el cual expusieron el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al permitir la intervención de Olmo en el procedimiento sumario de desahucio, a pesar de que la alegada opción de compra caduco y dicha persona no es titular ni propietario del local comercial aludido.

El 14 de febrero de 2025, el recurrido presentó su escrito en oposición al recurso de *certiorari*.

Por lo tanto, con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

---

[9] *Resolución Interlocutoria*, anejo VII, págs. 51-52 del apéndice del recurso.

**II.**

**-A-**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Es decir, cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo." Regla 52.1 de Procedimiento Civil, *supra*.

Asimismo, dispone los supuestos en que este foro intermedio podrá revisarlas, con carácter discrecional y a manera de excepción, en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional; a saber, si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. Así también, debemos tomar en consideración si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por parte del foro primario.

También examinaremos si el asunto planteado exige consideración más detenida a la luz de los autos originales o de alegatos más elaborados, o si la etapa del procedimiento en que se presenta el caso es la más

propicia para su consideración. Finalmente, debemos analizar si la expedición del auto solicitado evita un fracaso de la justicia. Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

### III.

Es preciso comenzar por destacar que la *Resolución* recurrida, a pesar de ser un dictamen interlocutorio, es susceptible de revisión por parte de este foro, en virtud de la Regla 52.1 de Procedimiento Civil, *supra*.

En el caso de autos, los peticionarios alegan que incidió el foro de instancia al permitir la intervención del recurrido, puesto que, la alegada opción de compra caducó, como consecuencia, el señor Olmo no es titular ni propietario del local comercial en controversia.

Por su parte, el recurrido, en esencia alega que la determinación del foro primario fue correcta en derecho, ausente de cualquier reclamo de imparcialidad, abuso de discreción, error craso y manifiesto. Añadió que, el foro *a quo* al permitir su intervención, está previniendo la potencial privación de bienes y propiedad de una parte litigante que no fue demandada ni incluida en el pleito. Sostuvo que, compró el bien inmueble, realizó inversiones en exceso de $60,000.00, ostenta su posesión y operación comercial desde el 2016. Por lo que, privarlo de su intervención en el caso, provocaría un fracaso a la justicia.

Luego de evaluar el recurso de epígrafe, a la luz de los criterios de nuestra Regla 40, *supra*, rechazamos ejercer nuestra jurisdicción revisora e intervenir con el criterio del foro primario para variar el dictamen recurrido. Recalcamos que, el Tribunal Supremo de Puerto Rico ha sido enfático en que, como foros

revisores, no debemos intervenir con las actuaciones de los foros primarios, en ausencia de que hayan actuado con prejuicio o parcialidad, o que hayan errado en la aplicación del derecho. Incluso, ha dispuesto que, en el caso de las actuaciones discrecionales, solo estaríamos en posición de intervenir para variar el dictamen, si el foro primario abusó de su discreción.

En virtud de lo anteriormente expuesto y en vista de que el foro primario no se excedió en el ejercicio de su discreción, no intervendremos con su determinación.

## IV.

Por los fundamentos antes expuesto, **DENEGAMOS** el presente auto discrecional solicitado.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones